## BODNER v. WECHSLER et al.

District Court, S. D. New York.

Nov. 28, 1941.

N. William Welling, of New York City, for plaintiff.

Schmer & Wechsler, of New York City (Joseph Sterling, of New York City, of counsel), for defendant Abraham F. Wechsler, et al.

Sterling & Sterling, of New York City (Joseph Sterling, of New York City, of counsel), for defendant Edward I. Wechsler and another.

BRIGHT, District Judge.

After the trial, decision was rendered in favor of the plaintiff for the sum of $1,125. Defendants requested a reduction in the amount of the recovery to the extent of any dividend to which they might be entitled in the bankruptcy proceeding.

It appeared upon the trial that the amount recovered is the only asset of the bankrupt estate, and that there had been filed in the proceeding, priority claims aggregating $2,113.32 and claims of unsecured creditors to the extent of $2,139.

With these claims already filed and in addition administration expense, it is difficult to see how the defendants expect to benefit by a dividend, but under the authority, they seem to be entitled to the relief asked.

The judgment to be entered herein will provide that the defendants may be permitted to prove their claim, as to which a preference was found to have been taken, against the estate of the bankrupt, and upon settlement of the amount of dividend, if any, coming to them, they shall pay over the amount awarded, with interest from June 6, 1939, less the amount of any such dividend. Page v. Rogers, 211 U.S. 575, 581, 29 S.Ct. 159, 53 L.Ed. 332; In re Wright-Dana Hardware Co., 2 Cir., 212 F. 397, 403; Willcox v. Goess, 2 Cir., 92 F.2d 8, 11.